**ORIGINAL**

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0281

FILED
05/21/2024
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 24-0281

ALEX CHRISTOPHER SMITH,

Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY, and HON.
JOHN W. PARKER, Presiding,

Respondent.

FILED

MAY 2 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Alex Christopher Smith has filed a Petition for Writ of Supervisory Control over the Eighth Judicial District Court concerning his pending civil case as well as a Motion "to Vacate Charges and Discharge Petitioner on Reversal." The State of Montana responds in opposition to Smith's Motion.

Smith moves this Court to issue an order, vacating "both charges of assault with a weapon, associated with District Court case No. DC 21-589, on violations of due process and ineffective assistance of counsel." He lists his claims about his counsel's performance and representation during his District Court's criminal case and alleges ineffective assistance of counsel due to her pregnancy, birthing of the child, and other post-partum concerns. He contends that his pending petition for postconviction relief provides more information about the "aforementioned defects . . . ." In his instant Petition, Smith states that he "brings this postconviction petition to the Supreme Court, either for Supervisory Control or however this [C]ourt determines to proceed." Smith further states that he "seeks summary judgment, after seeking the same in [D]istrict [C]ourt." Smith requests that this Court reverse his charges and release him from prison.

Acknowledging that this Court has not ordered a response to his instant Petition, the State objects to Smith's request for vacating his convictions and release from custody. The State puts forth a summary of the original proceedings where Smith has previously sought relief with this Court.[1] The State submits that the District Court has not ruled on Smith's pending petition for postconviction relief in which Smith has raised similar claims. The State explains that Smith's motion for relief cannot be entertained by this Court, especially at this juncture, and that Smith's relief resides in the District Court. The State includes a recent case register of actions, noting that the District Court has not ordered a response to Smith's petition for postconviction relief there. Additionally, the State further explains that the court may not order a response and that if the court were to deny his pending petition there, Smith's remedy would be an appeal of that decision.

It is clear how this Court should proceed. We cannot entertain either of Smith's Petition or his Motion here. Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). We conclude that Smith's Petition for Writ of Supervisory Control does not warrant relief. Smith has not demonstrated urgent or emergency factors. He has not shown any lack of the normal appeal process. M. R. App. P. 14(3). After the District Court issues a final decision concerning the petition for postconviction relief, Smith has the future remedy of

---

[1] *Smith v. Salmonsen*, No. OP 22-0468, Order denying habeas corpus relief (Mont. Sept. 20, 2022); *Smith v. Salmonsen*, No. OP 22-0694, Order denying habeas corpus relief (Mont. Dec. 27, 2022); *Smith v. Eighth Judicial Dist. Ct.*, No. OP 23-0241, Order denying writ of supervisory control (Mont. May 9, 2023); *Smith v. Bludworth*, No. OP 23-0282, Order denying habeas corpus relief (Mont. June 13, 2023); and *Smith v. Bludworth*, No. OP 24-0008, Order denying habeas corpus relief (Mont. Jan. 16, 2024).

an appeal where the complete record, along with briefing, will be available for our review. Section 46-21-101 and -102, MCA; M. R. App. P. 8(1). Therefore,

IT IS ORDERED that:

1. Smith's "Motion For Order to Vacate Charges and Discharge Petitioner on Reversal" is DENIED;

2. Smith's Petition for Writ of Supervisory Control is DENIED and DISMISSED; and

3. The Clerk is directed to CLOSE this matter as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable John W. Parker, District Court Judge; Tina Henry, Clerk of District Court, under Cause No. DDV-23-034; all parties; counsel of record; and Alex Christopher Smith personally.

DATED this 21st day of May, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3